No. 3763.—M. A. EAST et al. *v.* H. A. EALER.

Movables, such as bricks in the kiln on a plantation, do not pass to the vendee by a sale of the land, unless it is so expressed in the deed of sale. A purchaser of a plantation who converts the bricks in the kiln to his own use, with the knowledge at the time of the purchase that they had been previously sold to another person by his vendor, is therefore liable to the owner for their value.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *Posey*, J. *Kilbourne & McVea*, for plaintiff and appellee. *Kernan & Lyons*, for defendant and appellant.

This case was tried by a jury in the court below.

HOWELL, J. On the fifteenth of September, 1866, the plaintiff purchased of Mrs. Nolan a brick kiln, containing about one hundred thousand bricks, on the plantation of the owner, in the parish of East Feliciana, with the right to remove them at pleasure—the delivery being acknowledged by the purchaser. In the following year the plantation with appurtenances was sold to F. Powers, who recognized plaintiff's ownership of the bricks, and hired her his wagons to remove a part of them. The plantation was reconveyed to Mrs. Nolan, who early in 1868 sold it with the appurtenances to H. C. Ealer, residing in St. Louis, Missouri. His agent and manager H. A. Ealer, the defendant, moved upon the plantation and conducted the planting operations.

During the year plaintiff sent teams to haul away the balance of the bricks, but was prevented by the defendant from doing so, whereupon this suit was brought for the value thereof. The defendant pleaded the general denial and alleged that at the date of filing the petition H. C. Ealer, who was the purchaser of the plantation and bricks, was dead. It appears, however, that before he filed his answer he had taken a title to the said plantation from the widow of the deceased, H. C. Ealer, and he filed no exception to the suit against himself. The act of sale from Nolan to Powers is similar, in the description of the property, to the one from Nolan to Ealer, and neither one makes any mention of the bricks, which, being movables, were therefore not conveyed by the said act. And there is evidence that defendant was aware that plaintiff had purchased them from Mrs. Nolan before she sold the land.

. Under these circumstances the plaintiff is entitled to the value of the bricks which have been converted by defendant to his own purposes. A jury found for plaintiff.

Judgment affirmed.